IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 01-30240
Summary Calendar

SHAHED MUHAMMAD,

Plaintiff-Appellant,

versus

CITY OF NEW ORLEANS; NEW ORLEANS POLICE
DEPARTMENT; RICHARD PENNINGTON, Superintendent
of the New Orleans Police Department,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CV-393-F

November 7, 2001

Before GARWOOD, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Shahed Muhammad filed suit against the City of New Orleans
(City), the New Orleans Police Department (NOPD), and NOPD
Superintendent Richard Pennington alleging that he had been
discharged as a NOPD officer in violation of the Americans with
Disabilities Act (ADA), Title VII of the Civil Rights Act of 1964,

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and La. Civ. Code Ann. art. 2315.

The district court found that the summary judgment evidence submitted by the defendants was conclusive that Muhammad was not qualified to perform the essential functions of a NOPD officer. *See McInnis v. Alamo Cmty. Coll. Dist.*, 207 F.3d 276, 279-80 (5th Cir. 2000). Muhammad produced no evidence to show he can function as a NOPD officer, an issue on which he would have the burden of proof at trial. The district court did not err in granting summary judgment in favor of the defendants on the ADA claim. Fed. R. Civ. P. 56(c); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

The district court dismissed the Title VII claim under Fed. R. Civ. P. 12(b)(6) because Muhammad's complaint does not make *any* allegation that he had been discriminated against based on race, color, religion, sex, or national origin. *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1089 (5th Cir. 1995). The district court did not err in dismissing this claim.

The district court dismissed Muhammad's state law tort claim because article 2315 does not provide a cause of action for employment discrimination. On appeal, Muhammad failed to adequately brief his challenge of this dismissal. He did not list this an issue, did not mention it in his summary of argument and did not specify any standard of review, made no citations to any

2

case law interpreting article 2315, and did not even specify which of his factual allegations would support a tort action under article 2315.  For the same reasons, Muhammad has failed to brief his assertion that he presented adequate claims of retaliatory discharge.  Accordingly, we will not consider those issues.  *See Oden v. Oktibbeha County, Miss.,* 246 F.3d 458, 470 n.12 (5th Cir. 2001); Fed. R. App. P. 28(a)(9).

AFFIRMED